UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lauren Doreen Thompson, et al.,

    Plaintiffs,    Court File No. 18-cv-114 (SRN/LIB)

 v.

             **REPORT AND RECOMMENDATION**

Charleston Manor, LLC, et al.,

    Defendants.

   This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of 28 U.S.C. § 636, and in light of the Court's independent duty to determine subject matter jurisdiction. See, City of Kansas City, Mo. v. Tarco Co., Inc., 625 F.3d 1038, 1040 (8th Cir. 2010); Fed. R. Civ. P. 12(h)(3).

   On January 12, 2018, Carl Green filed a Notice of Removal in this Court, [Docket No. 1], removing a Minnesota state court action to Federal Court. Mr. Green asserts that he is an assignee with rights implicated by the Minnesota state court proceedings, but "[b]oth the plaintiff and the state court refuse to recognize Carl Green as an Assignee under the law of assignment in this action and refused to hear motion to consolidate to address said issue but collected $660 in filing fees." (Id. at 1). Mr. Green further contends that "[t]he state court is refusing to acknowledge or hear Green as an assignee under the law of assignment, including in actions, motions, and motion to consolidate this issue for hearing . . . ." (Id. at 2). Accordingly, Mr. Green has filed a Notice of Removal in this Court, ostensibly pursuant to 28 U.S.C. § 1443(1).

   "The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'"

Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002). To the extent that removal statutes authorize such transfer, those statutes are to be strictly construed to limit the jurisdiction of Federal Courts. Id. The Court is aware that Mr. Green is proceeding pro se and that the Court has the duty to liberally construe a pro se party's pleadings. Boldon v. Merrli & Kramer, P.A., 92 F. Supp. 3d 924, 929 (D. Minn. 2015) (citation omitted). However, "pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).

28 U.S.C. § 1443(1) states:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

It appears from the documents Mr. Green has filed with this Court that he is not a party to the underlying Minnesota state court case. Specifically, Mr. Green alleges in his Notice of Removal that "the plaintiff and the state court refuse to recognize Carl Green as an Assignee under the law of assignment in this action." ([Docket No. 1], 1). If Mr. Green is not a defendant in the underlying Minnesota state court case, he cannot remove the case pursuant to 28 U.S.C. § 1443(1), which clearly provides for removal "by the defendant."

Assuming solely for the sake of argument that Mr. Green is a defendant in the underlying Minnesota state court action, Mr. Green has failed to show that he is entitled to removal under 28 U.S.C. § 1443(1). "Section 1443 applies only to denials of specific rights of racial equality and not to the whole gamut of constitutional rights." U.S. ex rel. Sullivan v. Missouri, 588 F.2d 579, 580 (8th Cir. 1978). To establish that removal under 28 U.S.C. § 1443(a) is appropriate, Mr. Green "must show that he relies upon a law providing for equal civil rights stated in terms of

racial equality, and that he is denied or cannot enforce that right in state court." See, Green v. Green, No. 13-cv-332 (SRN/LIB), 2013 WL 5503722, *2 (D. Minn. Oct. 3, 2013). In other words, removal under 28 U.S.C. is "warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts. A state statute authorizing the denial affords an ample basis for such a prediction." See, Georgia v. Rachel, 384 U.S. 780, 800 (1966). In the absence of such a discriminatory state statute, the defendant could show an "equivalent basis . . . for an equally firm prediction that the defendant would 'be denied or cannot enforce' the specified federal rights in the state court." Id. at 804.

Although Mr. Green asserts generally in his Notice of Removal his right to be heard "as an assignee under the law of assignment," which he contends is "a right enjoyed by white citizens," he neither identifies any specific state law which prevents him from protecting any specified federal right in state court, nor does he specifically identify any federal right which he is being denied. Therefore, Mr. Green has not met the stringent requirements of 28 U.S.C. § 1443(1). See, Green, 2013 WL 5503722, at *3.

Finally, Mr. Green has also failed to comply with the procedural requirements for removal to this Court. 28 U.S.C. § 1446 requires:

> **(a) Generally.**—A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
> **(b) Requirements; generally.**—(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then

been filed in court and is not required to be served on the defendant, whichever period is shorter.

Mr. Green has not filed with this Court a copy of all process, pleadings, and orders served upon him in the State Court action as required in subsection (a), nor has he demonstrated that the removal is timely under subsection (b). Therefore, even assuming solely for the sake of argument that Mr. Green is a defendant in the underlying Minnesota State Court action and he has met the substantive requirements for removal under 28 U.S.C. § 1443(1), he nevertheless has failed to comply with the procedural requirements to remove a case from state court to Federal Court.

Accordingly, **IT IS HEREBY RECOMMENDED** that this action be **REMANDED** to the Minnesota State District Court of St. Louis County for lack of subject matter jurisdiction

Dated: January 24, 2018                                s/Leo I.  Brisbois
                                                       Leo I. Brisbois
                                                       U.S. MAGISTRATE JUDGE

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).