UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lauren Doreen Thompson, Cole Christopher Miller, Jon Michael Czech, Natassja Fern Sheils, and Scott Owen Scullin,<br><br>Plaintiffs,<br><br>v.<br><br>Charleston Manor, LLC, Rosemont Property Management Company, Inc., Cedar Grove, LLC, and Carl Green, *Assignee Doing Business as Signature Capital*,<br><br>Defendants. | File No. 18-cv-00114 (SRN/LIB)<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION** |

Sara Jane Baldwin, Legal Aid Service of Northeastern MN, 424 W. Superior Street, Suite 302, Duluth, MN 55802, for Plaintiffs.

Carl Green, 601 Carlson Parkway #1050, Minnetonka, MN 55305, *pro se*, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Leo I. Brisbois dated January 25, 2018 [Doc. No. 3]. The magistrate judge recommended that this action be remanded to the Minnesota State District Court of St. Louis County for lack of subject matter jurisdiction. Defendant Carl Green ("Green") timely filed an Objection [Doc. No. 4] to the R&R. For the reasons stated herein, this Court overrules Green's Objection, adopts the R&R in its entirety, and remands this action back to state court.

## I. BACKGROUND

### A. Factual Background

On January 12, 2018, Green filed a Notice of Removal in this Court. (*See* Notice of Removal [Doc. No. 1].) Green did not attach a copy of the state court complaint, or of the "process, pleadings, and orders served upon" Green as required by 28 U.S.C. § 1446. (*See id.*) Green asserts that he is removing under 28 U.S.C. § 1443(1), and his purported reason for removal is that "[b]oth the plaintiff[s] and the state court refuse to recognize [him] as an Assignee under the law of assignment in this action and refused to hear motion to consolidate to address said issue . . . ." (*Id.* at 1.) He further alleges that he removed the action to federal court because he "is unable to vindicate his federal rights were [sic] it can be clearly predicted by reason of the operation of this pervasive and 'explicit state or federal' law [that he is not an LLC and he needs not be represented by an attorney and Green's rights by assignment] will inevitably be denied by the very act of bringing the defendant to trial in the state court . . . ." (*Id.* ¶ 3 (alterations in original).)

Because Green did not attach anything to his Notice of Removal, this Court is without context for Green's assertions. The Court, however, is aided by a letter recently filed by Plaintiffs' counsel. (*See* Apr. 10 Letter to the District Judge ("Apr. 10 Letter") [Doc. No 6].) Plaintiffs' counsel asserts that the underlying action is a "Rent Escrow" matter that was filed in state court on November 1, 2017. (*Id.* at 1.) Plaintiffs' counsel alleges that Green is Plaintiffs' landlord, and that Green removed the matter to federal court "because he refused to comply with Minnesota State law, which requires corporate entities to be represented by an attorney in all court filings and proceedings." (*Id.*)

2

### B. Procedural Posture

On January 25, 2018, the magistrate judge issued an R&R *sua sponte* raising the issue of subject matter jurisdiction and recommending that this Court remand the case back to state court. The magistrate judge first found that "[i]t appear[ed] from the documents Mr. Green has filed with this Court that he is not a party to the underlying Minnesota state court case," and, as such, he could not remove the case pursuant to 28 U.S.C. § 1443(1). (R&R at 2.) Additionally, the magistrate judge found that even assuming, *arguendo*, that Green was indeed a defendant in the underlying state court action, he "ha[d] failed to show that he is entitled to removal under 28 U.S.C. § 1443(1)." (*Id.*) The magistrate judge found that Green had not complied with the requirement that he "must show that he relies upon a law providing for equal civil rights stated in terms of racial equality, and that he is denied or cannot enforce that right in state court." (*Id.* at 2–3 (quoting *Green v. Green*, No. 13-cv-332 (SRN/LIB), 2013 WL 5503722, at *2 (D. Minn. Oct. 3, 2013).) Moreover, the magistrate judge found that Green had also failed to comply with the procedural requirements set forth in the removal statute, 28 U.S.C. § 1446. (*Id.* at 3.) The magistrate judge found that "Mr. Green has not filed with this Court a copy of all process, pleadings, and orders served upon him in the State Court action as required in [§ 1446] subsection (a), nor has he demonstrated that the removal is timely under [§ 1446] subsection (b)." (*Id.* at 4.)

On February 8, 2018, Green filed his Objection to the R&R. (*See* Obj.) Green contends that removal was proper because his case falls "under the exception and two prong tests in [*Johnson v. Mississippi*, 421 U.S. 213, 219–20 (1975)]." (*Id.* at 1.) He alleges that his case is an "unusual case where an equivalent basis can be shown for an equally firm

3

prediction that the defendant would be denied or cannot enforce the specified federal rights in state court." (*Id.*) So far as the Court can discern, the "rights" Green claims he is being denied are those related to assignments. (*Id.*) He contends that "the law of assignment applies, and reliance is 'upon (this) law providing for equal civil rights stated in terms of racial equality.'" (*Id.*) Green further contends that "all his claims are being barred by the St. Louis County District Court, more than six claims, and Green has tried to consolidate those claims and they are still being barred by the Chief Judge." (*Id.*) He also contends that "[t]he documents to meet the procedural requirements are being filed separately." (*Id.* at 2.)

Although Plaintiffs did not file a response to Green's Objection, the letter that Plaintiffs' counsel submitted asks this Court to "remand the matter back to state court a[s] soon as possible." (Apr. 10 Letter at 1.)

## II.    DISCUSSION

The district court must undertake an independent, *de novo* review of those portions of the R&R to which a party objects and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* D. Minn. LR 72.2(b)(3).

This court has conducted a full, *de novo* review of the files and records, and like the magistrate judge, concludes that this case must be remanded to state court for lack of subject matter jurisdiction. Assuming Green is a defendant in the state court action, under 28 U.S.C. § 1443—the statute on which Green bases his removal—Green must show that he relies upon a law providing for equal civil rights stated in terms of racial equality, and that he is denied or cannot enforce that right in state court. *See* 28 U.S.C. § 1443(1);

4

*Georgia v. Rachel*, 384 U.S. 780, 800 (1966) ("Removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts. A state statute authorizing the denial affords an ample basis for such a prediction."). Removal might also be justified, even in the absence of such a law, if an "equivalent basis could be shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court." *Georgia*, 384 U.S. at 804.

Green has not met the stringent requirements of 28 U.S.C. § 1443. In his Notice of Removal, Green simply asserts that "[t]he state court is refusing to acknowledge or hear Green as an assignee under the law of assignment, including in actions, motions and motion to consolidate this issue for hearing; a right enjoyed by white citizens." (Notice of Removal ¶ 3.)  His Objection relies on the same allegations. (*See* Obj.) Nowhere in these documents, however, does Green show, as necessary under § 1443, that he is being denied a right of racial equality. *United States ex rel. Sullivan v. Missouri*, 588 F.2d 579, 580 (8th Cir. 1978). "Section 1443 applies only to denials of specific rights of racial equality and not to the whole gamut of constitutional rights." *Id.* Simply put, despite his conclusory statement that he is being denied a right "enjoyed by white citizens," (Notice of Removal at 2), Green's "contentions have nothing to do with racial equality," *Varney v. Georgia*, 446 F.2d 1368, 1369 (5th Cir. 1971).

Green's citation to *Johnson v. Mississippi* is of no avail. (*See* Obj. at 1.) That case explained that "a removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test." 421 U.S. at 219. "First, it must appear that the right allegedly denied the removal

5

petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* (quoting *Georgia*, 384 U.S. at 792). "Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Id.* (quoting 28 U.S.C. § 1443). As described above, Green does not meet these requirements.

This "[C]ourt has a special obligation to consider whether it has subject matter jurisdiction in every case. This obligation includes the concomitant responsibility to consider *sua sponte* [the court's subject matter] jurisdiction . . . where . . . [the court] believe[s] that jurisdiction may be lacking." *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011) (alterations in original) (internal citations and quotations omitted). For the reasons set forth above and as explained by the magistrate judge, this Court lacks subject matter jurisdiction over this case and must remand it to state court. *See Hormel HealthLabs, Inc. v. Ventura Foods, LLC*, No. 04-cv-4695 (JNE/JGL), 2004 WL 2526423, at *1 (D. Minn. Nov. 4, 2004) ("A district court should *sua sponte* remand a case any time it determines that it lacks subject matter jurisdiction.").[1]

### III.   ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Magistrate Judge Brisbois's R&R of January 25, 2018 [Doc. No. 3] is **ADOPTED**;

---

[1] This Court need not address Green's contention that he is "separately" filing the documents required by 28 U.S.C. § 1446. (Obj. at 2.) As explained, this case must be remanded because this Court lacks subject matter jurisdiction, not simply because Green failed to comply with the procedural requirements for removal.

2. Green's Objection to the R&R [Doc. No. 4] is **OVERRULED**; and

3. This matter is **REMANDED** to St. Louis County District Court for lack of subject matter jurisdiction.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: April 12, 2018                                      s/Susan Richard Nelson
                                                                         SUSAN RICHARD NELSON
                                                                         United States District Judge